Connolly, J.
This matter came on before the court on the Motion of Non-party, GHM Industries, Inc. for Protective Order to Prevent a Mass.R.Civ.P. 30(b)(6) Deposition; and Motion to Quash Subpoena Duces Tecum
This involves a wrongful death product liability action pending in the State of North Dakota. The crux of the case is the alleged failure of the defendant, Grove Manufacturing Company, to have installed a so-called insulating link on the wire rope on the subject crane.
The plaintiffs position is that the use of such an insulating link on the subject crane would have eliminated the injury and death of the plaintiffs deceased. The defendants’ position is that the insulating link is unreliable. It should be noticed that said links have been in the OSHA regulations [29 CFR 1926.500(a)(15)(v)] since 1971.
The defendants’ expert allegedly has purchased one or two of GHM’s insulating links, and reportedly will testify, after testing same, that the insulation links are not reliable and/or effective.
The non-party, GHM, is a major supplier of various equipment to the defendant, Grove Manufacturing Company. However, GHM allegedly has not sold any of its so-called Miller insulating links to Grove Manufacturing Company. The court infers that GHM does *91 not want to give damaging or other evidence to the plaintiff, which would be used against one of its major customers, Grove Manufacturing Company.
Mass.R.Civ.P. 26(c) states, in part, as follows:
Upon motion by a party, or by the person from whom discovery is sought, and for good cause shown, the Court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . .
The crucial issue in this case is whether the non-party has shown good cause for the protective order. The issue is well stated in the lead case of Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3rd Cir. 1986) wherein, at page 1121, the court stated:
Rule 26(c) places the burden of persuasion on the party seeking the protective order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. See United States v. Garrett, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978) (requiring “a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements”); General Dynamics Corp. v. Selb Mfg. Corp., 481 F.2d 1204, 1212 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); 8 C. Wright & A. Miller, Federal Practice and Procedure §2035 (1970 & Supp. 1985). Moreover, the harm must be significant, not a mere trifle. See, e.g., Joy v. North, 692 F.2d 880, 894 (2d Cir. 1982) (refusing protective order where proponent’s only argument in its favor was the broad allegations that the disclosure of certain information would “injure the bank in the industry and local community”), cert. denied sub nom. Citytrust v. Joy, 460 U.S. 1051, 103 S.Ct. 1498, 75 L.Ed.2d 930 (1983).
See also: Cronin v. Strayer, 392 Mass. 525 (1984), and Premium Service Corporation, 511 F.2d 225 (9th Cir. 1975).
In the present case, the non-party GHM Industries, Inc. has provided no affidavits to the court and no “particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements,” Cipollone, supra at 1121, to support the issuance of a protective order. Furthermore, the plaintiffs in their discovery wish to find out not only the reliability of the Miller insulating link, but also as to whether GHM offered to sell or tried to sell Grove Manufacturing Company said insulating links (in light of the fact that Grove Manufacturing Company is a major customer of GHM). Finally, the plaintiffs wish to discover whether Grove Manufacturing Company either knew or should have known of the effectiveness of said Miller insulation links. “(TJhere is a case for the jury if the plaintiff can show an available design modification which would reduce the risk without undue cost or interference with the performance of the machinery.” Uloth v. City Tank Corp., 376 Mass. 874, 881 (1978).
After hearing, Motion of Non-Party GHM Industries, Inc. for Protective Order, to Prevent a Mass.R.Civ.P. 30(b)(6) Deposition; and Motion to Quash Subpoena Duces Tecum is DENIED.